## Wathen v. Commonwealth.

(Decided December 1, 1925.)

## Appeal from Washington Circuit Court.

1. Criminal Law—Motion to Direct Verdict Does Not Challenge Competency of Witnesses, or Admissibility of Evidence.—A motion to direct verdict for accused goes only to sufficiency of evidence to warrant submission of case to jury, and does not challenge competency or relevancy of evidence, or competency of witnesses.

2. Criminal Law—Motion at Close of Testimony to Exclude Evidence Obtained by Unlawful Search Held Sufficient and Timely.—In prosecution for unlawful possession of still, a motion at conclusion of entire testimony to instruct jury not to consider testimony obtained by breaking into house of accused without search warrant held sufficient and timely to raise question of admissibility and competency of such evidence, and its denial was error.

3. Criminal Law—Intoxicating Liquors—Breaking and Entry of Abandoned Residence by Prohibition Officers Held Unlawful, and Evidence so Obtained Inadmissible.—Where prohibition officers passing through appellant's farm broke into and searched abandoned residence some distance from that occupied by appellant, the doors of which were locked and the windows covered, such entry and search were unlawful, and evidence obtained thereby should have been excluded.

JOHN A. POLIN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Upon an indictment accusing appellant, Wathen, of the offense of unlawfully having in his possession an

illicit still designed for the manufacture of intoxicating liquor, he was convicted and his punishment fixed at a fine of $500.00 and confinement in the county jail for six months. He appeals.

The evidence shows that two federal prohibition officers were passing through the farm of appellant when they came upon an old abandoned residence, near a stream, and about three hundred (300) yards from the residence occupied by appellant, near which old residence they noticed some meal scattered on the ground and a small amount of substance resembling still slop flowing from under the floor. The house was locked and the windows covered so that they could not see into the building. Thereupon they broke into the house through a window and discovered therein parts of a moonshine still, some barrels of mash and other accessories commonly employed in the manufacture of whiskey. At the trial the prohibition officers were introduced as witnesses for the Commonwealth and testified in substance to the facts above related, and that the house in which they found these things was on the premises of appellant and that there was a plainly beaten path from there to his residence. There was no objection to this evidence made by appellant or his counsel at the time it was given, but at the conclusion of the evidence for the Commonwealth he moved the court for a directed verdict in his favor. This motion was overruled. He then called two witnesses in his own behalf, and at the conclusion of all the evidence again moved the court for a directed verdict in his favor, adding: "Because all the evidence introduced was obtained without a search warrant." No other objection or exception to this particular line of evidence appears in the bill of evidence, but in the bill of exceptions the following appears:

"At the conclusion of the entire testimony the defendant moved the court, upon the testimony as a whole, to instruct the jury to find the defendant not guilty, which motion was overruled, to which the defendant excepted at the time and now excepts. The defendant further moved the court to instruct the jury not to consider any testimony introduced by the Commonwealth that was obtained by the breaking into house by the prohibition officers without a search warrant; said motion was overruled by the court, to which the defendant excepted at the time and now excepts."

This motion was sufficient to raise the question of the admissibility and competency of the evidence of the prohibition officers who broke and entered the house to search for the illicit still without a search warrant. A mere motion for a directed verdict goes only to the sufficiency of the evidence to warrant a submission of the case to the jury, and does not challenge the competency or relevancy of the evidence, or the competency of the witnesses to give such evidence. We so held in two recent cases of Scott v. Commonwealth, 206 Ky. 286; Mullins v. Commonwealth, 204 Ky. 445. The trial court should have sustained the motion of appellant made at the conclusion of all the evidence, to exclude from the consideration of the jury all the evidence given by the two prohibition officers concerning the finding of the illicit still in the old residence after they had broken into the building in the manner shown by the testimony without a search warrant. In overruling the motion the trial court committed reversible error. The officers had no right to break and enter the house without a search warrant in the manner the evidence shows they did so, and evidence obtained in such unlawful manner should have been excluded upon motion of appellant seasonably made.

Judgment reversed for new trial not inconsistent herewith.